# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EMPEROR ELDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16 C 878 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| CITY OF CHICAGO, COOK COUNTY SHERIFF'S DEPARTMENT, COOK COUNTY SHERIFF THOMAS DART, COOK COUNTY STATE'S ATTORNEY KIM FOXX, COOK COUNTY STATE'S ATTORNEY'S OFFICE, OFFICER R. GAWLOWSKI, OFFICER A.M. SKOKAL, OFFICER PITMAN, OFFICER MASON, OFFICER SHELTON, UNIDENTIFIED ASSISTANT STATE'S ATTONEYS, COOK COUNTY DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Emperor Elder brings this lawsuit against Defendants Cook County Sheriff's Department (the "Sheriff's Department"), Cook County Sheriff Thomas Dart, the Cook County State's Attorney's Office ("SAO"), Cook County State's Attorney Kim Foxx[1] (collectively, the "County Defendants"), the Cook County Department of Corrections ("CCDOC"), the City of Chicago (the "City"), Chicago Police Officers Gawlowski, Skokal, Pitman, Mason, and Shelton (the "Police Officers"), and unidentified Assistant State's Attorneys, claiming that Defendants violated state law and his constitutional rights in violation of 42 U.S.C. § 1983. Elder's complaint consists of six counts that stem from several interactions with Defendants between

---

[1] Elder originally sued former Cook County State's Attorney Anita Alvarez. Foxx replaced Alvarez as State's Attorney while this motion was pending. Because Elder is suing the State's Attorney in her official capacity, Foxx has been substituted for Alvarez in the caption and throughout this Opinion.

January 21, 2015 and October 19, 2015. Specifically, Elder brings claims for false detainment and imprisonment (Count I), malicious prosecution (Count II), denial of necessary medical care (Count III), denial of the right to practice his religion (Count IV), conspiracy to violate his civil rights (Count V), and failure to intervene to protect him from violations of his civil rights (Count VI). The County Defendants move to dismiss [27] the complaint arguing that it is barred by sovereign immunity and prosecutorial immunity, and that Elder has failed to plead sufficient facts to state a claim for relief. The City also moves to dismiss [31] the complaint because Elder has not alleged that the actions of the police officers were taken as a result of a City policy or practice and his claims against the City are therefore insufficient under *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S. Ct. 2018, 65 L. Ed. 2d 611 (1978).

Because Elder's claims against Foxx and the SAO are barred by sovereign immunity, and because Elder has failed to adequately allege a *Monell* claim against the remaining Defendants, the Court grants Defendants' motions to dismiss. Furthermore, because Elder has not served the complaint on any other Defendants, namely the Chicago Police Officers, CCDOC, or the unidentified Assistant State's Attorneys, the Court is required under Federal Rule of Civil Procedure 4(m) to either dismiss the case without prejudice with respect to those Defendants or order service within a specified time. The Court therefore orders Elder to serve the remaining Defendants within 30 days of this order; otherwise the Court will enter an order of dismissal with respect to those defendants.

## BACKGROUND[2]

On October 28, 2014, Officers Skokal and Gawlowski arrested Elder. On January 21, 2015, Elder appeared in court in connection to this arrest and the court dismissed the charges

---

[2] The facts in the background section are taken from Elder's complaint and are presumed true for the purpose of resolving the Rule 12(b)(6) challenges. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

2

against him. That same day Officer Gawlowski obtained an arrest warrant for Elder from the same judge who dismissed the charges stemming from the October 28 arrest. The warrant named Elder as "Anthony Elder," a name which Elder contends is a "false identity . . . tied to the social security number and description of Emperor Elder." Doc. 1 ¶ 26.

Two days later, Officer Shelton and another Chicago Police Officer went to the home of Amy Elder and entered the home without showing Amy Elder a paper copy of the warrant. Shelton and her partner arrested Elder for missing a court appearance. The officers transported Elder to the police station on 111th Street for processing. During this time the officers denied Elder his medication. After processing, the officers transported Elder to Roseland Hospital. Elder did not receive any significant treatment at Roseland Hospital and he returned back to the police station. Once back at the police station, an officer informed Elder that he was being charged with aggravated assault of a government employee. The police filed the charges against Elder under the name Anthony Elder.

On January 24, 2015, the police transferred Elder to the custody of CCDOC. CCDOC held Elder until February 4, 2015. During this period, CCDOC referred to Elder as Anthony Elder despite knowing his legal name to be Emperor Elder. CCDOC released Elder on February 4th because the charges against him were dismissed. While incarcerated, Elder did not receive any of the multiple medications he is prescribed. He experienced multiple seizures and spasms during his incarceration. Elder alleges that "[t]he defendant witnessed and ignored these medical issues." Doc. 1 ¶ 87. Elder does not specify to which defendant he is referring.

While detained, Elder alleges that Defendants referred to him as "Anthony Elder." Elder states that his legal name, Emperor Elder, has spiritual significance in his religious practice. Defendants also required Elder to sign paperwork that referred to him as "Anthony Elder" while

3

he was detained.  Additionally, during his confinement, Elder alleges that Defendants denied him the opportunity to practice his religious beliefs; however, he does not state what specifically Defendants prevented him from doing.

In May 2015, the Cook County State's Attorney and her Assistant State's Attorneys filed a motion to reinstate previously dismissed charges against Elder.  The court granted the motion and set the case for trial in August 2015.  The trial took place in August, but the outcome of the trial is unclear from the filings in this case.

Finally, on October 19, 2015, Officer Mason detained Elder.  Mason threatened to arrest Elder and confiscated his possessions.  Mason told Elder that she was aware of who he is and his history.  Mason did not state a reason for detaining Elder nor did Mason read Elder his *Miranda* rights.  Mason then called her precinct and requested a vehicle to transport Elder.  Officer Pittman and another officer then arrived in a transport truck.  Afterward, Mason called an ambulance, which arrived from the Little Company of Mary hospital.  Pittman and Mason denied Elder access to his medication and forced Elder into the ambulance, which then transported him to the hospital.  Throughout this interaction, Pittman and Mason were in contact with their district.

Elder alleges that he suffered severe bodily injuries as well as mental anguish and emotional distress as a result of Defendants' conduct on the various occasions described above.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits.  Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the

plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.     City of Chicago**

The City moves to dismiss the complaint against it, arguing that Elder has not adequately alleged a *Monell* claim. Elder does not style any of his counts as *Monell* claims against the City, but because the City cannot be held liable under § 1983 based on *respondeat superior*, the Court construes Elder's complaint as attempting to assert a *Monell* claim.

A municipality may be held liable when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. Liability may be premised on (1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice

that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

Nowhere in his complaint does Elder allege any facts that tend to show that his treatment was the result of an express policy, a widespread practice, or caused by someone with final policymaking authority. In his response to the motion to dismiss, Elder does not address the basis for the City's motion, but only provides a string of citations to broad legal principals regarding the constitution, § 1983, and motions to dismiss. Elder also includes a statement of facts that largely restates the statement of facts in his complaint, only adding that "the actions used against the Plaintiff by these multiple government agencies or departments along with the individual employees presented such a widespread practice or custom that, to the Plaintiff, the violation of my rights appeared to be a force of law." Doc. 38 ¶34. This boilerplate statement of a widespread practice or custom is not sufficient to survive a motion to dismiss. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("We have interpreted *Twombly* and *Iqbal* to require the plaintiff to provide some specific facts to support the legal claims asserted in the complaint. The degree of specificity required is not easily quantified, but the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." (alterations omitted) (citations omitted) (internal quotation marks omitted)).

Even considering the complaint in the light most favorable to Elder, the Court finds no basis to determine that his injuries resulted from a policy or practice at the City, therefore, Elder has not adequately pleaded a *Monell* claim against the City and the Court grants the City's motion to dismiss without prejudice.

## II. County Defendants

The County Defendants move to dismiss the complaint on the basis of sovereign immunity, prosecutorial immunity, failure to plead a *Monell* claim, failure to adequately plead his religious freedom and practice, conspiracy, and failure to protect claims, and because the claims are barred by qualified immunity.

### A. Sovereign Immunity

Foxx and the SAO move to dismiss the claims against them on the basis that sovereign immunity bars the claims. The Eleventh Amendment bars suits brought against a state in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Sovereign immunity does not apply where the state consents to suit or federal legislation abrogates the immunity pursuant to a constitutional grant of authority. *Tennessee v. Lane*, 541 U.S. 509, 517, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004). Elder brings his claims against Foxx and the SAO pursuant to § 1983 and Illinois state law. Section 1983 does not abrogate state sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 58, 109 S. Ct. 2304, 2306, 105 L. Ed. 2d 45 (1989). And the state of Illinois has consented to suit exclusively in the Illinois Court of Claims. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) ("The Illinois State Lawsuit Immunity Act stipulates that tort suits against the State must be pursued in the Illinois Court of Claims.").

The SAO and Foxx, when sued in her official capacity, are both arms of the State of Illinois for purposes of sovereign immunity. *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994) (state's attorneys are Illinois state officials, not county officials); *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992) (suits against state officials in their official capacity are deemed to be suits against the state and are barred by the Eleventh Amendment). Elder alleges,

"[a]t all times relevant herein, the Assistant State's Attorneys and Anita Alvarez were acting in their official capacities." Doc. 1 ¶ 12. Therefore, the Court construes Elder's claim against Foxx as an official capacity claim, and therefore in reality as a claim against the state. Because § 1983 does not provide for a cause of action against states and the state has not otherwise waived its immunity from suit in federal court, Elder's claims against the SAO and Foxx are barred and the Court grants the motion to dismiss with respect to these claims. Because this disposes of all claims against the SAO and Foxx, the Court need not address the prosecutorial immunity argument.

### B. *Monell* Claim

Dart and the Sheriff's Department move to dismiss Elder's § 1983 claims against them, arguing that Elder has failed to properly allege a viable *Monell* claim. Like with the City, Elder may hold the Sheriff's Department and Dart in his official capacity liable under § 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. 694. Again, liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *McCormick*, 230 F.3d at 324.

Elder has failed to allege the existence of any policy, practice, or that his injuries were caused by someone with final policymaking authority. Although *Monell* claims may proceed with conclusory allegations of a policy or practice, some facts must be pleaded to put the defendant on notice of the alleged wrongdoing. *Armour v. Country Club Hills*, No. 11 C 5029,

2014 WL 63850, at *6 (N.D. Ill. Jan. 8, 2014) (citing *McCauley*, 671 F.3d at 616, and *Riley v. County of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010)). Here, Elder has not even provided a conclusory allegation of the existence of a policy or practice, let alone specific factual allegations to support the existence of such policies or practices. Elder points to no other detainees who have been denied medical care or the opportunity to practice their religious customs. At most, as in his response to the City's motion, Elder states that "the actions used against Plaintiff by these multiple government agencies or departments along with the individual employees presented such a widespread practice or custom that, to the Plaintiff, the violation of my rights appeared to be a force of law." Doc. 40 ¶ 43. Once again, this boilerplate statement is insufficient to survive a motion to dismiss. *See McCauley*, 671 F.3d at 616. Therefore, the Court grants Dart and the Sheriff's Department's motion to dismiss Elder's § 1983 claims.

### C. Conspiracy Claims

The County Defendants move to dismiss Elder's conspiracy claim on the basis that he has not alleged any specific individuals who participated in a conspiracy to deprive him of his constitutional rights. Elder claims that, "[a]t all times relevant herein, all defendants and their employees were in agreement to violate the rights as listed." Doc. 1 ¶ 105. To state a claim for conspiracy a plaintiff need merely "indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). However, the Court need not reach whether Elder has adequately alleged a conspiracy because the Court has dismissed the underlying claims upon which the conspiracy claim is based. A § 1983 conspiracy claim is dependent on the validity of the underlying § 1983 claim. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). Therefore, the Court dismisses Elder's conspiracy claim.

9

### III. Unserved Defendants

As of the date of this order, Elder has not served the complaint on the remaining named Defendants—Gawlowski, Skokal, Pitman, Mason, Shelton, and CCDOC —or the unidentified Assistant State's Attorneys.  Under Federal Rule of Civil Procedure 4(m), after giving notice to the plaintiff, the Court must dismiss the action without prejudice against those defendants who have not received service within 90 days after the complaint is filed.  Here, Elder filed the complaint on January 1, 2016, well over 90 days ago.  Elder should consider this his notice that if he does not serve the other Defendants within 30 days of this order, the Court will dismiss his complaint with respect to those Defendants, unless Elder shows good cause why he has not served those Defendants.  The Court warns Elder that ignorance of the rule is no excuse and does not constitute good cause.  *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996).

### CONCLUSION

For the foregoing reasons the Court grants Defendants' motions to dismiss [27, 31].  The Court dismisses Elder's complaint without prejudice.  Additionally, the Court orders Elder to serve the remaining named Defendants within 30 days of this order, by March 31, 2017, or the Court will dismiss the case with respect to those Defendants.

Dated: February 28, 2017

SARA L. ELLIS
United States District Judge